UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 09-80973-CIV-RYSKAMP

CLAUDIA SCHORRIG, URSULA
KUZENKO, and JOLENE SULLIVAN
on their own behalves and behalf
of those similarly situated,

    Plaintiffs,

vs.

IBM SOUTHEAST EMPLOYEES'
FEDERAL CREDIT UNION,

    Defendant.
_____)

### DEFENDANT IBM SOUTHEAST EMPLOYEES' FEDERAL CREDIT UNION'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant IBM SOUTHEAST EMPLOYEES' FEDERAL CREDIT UNION ("CREDIT UNION"), by its undersigned counsel, submits its Motion to Dismiss the Amended Class Action Complaint with Incorporated Memorandum of Law, seeking dismissal based on the following reasons:

### INTRODUCTION

On June 30, 2009, Plaintiff CLAUDIA SCHORRIG ("SCHORRIG") filed a multi-count Class Action Complaint against Defendant CREDIT UNION, as well as Lary B. McCants, Christi Seay, Jay Jones and Barbara Leschander (collectively, the "Individual Defendants"), in which Plaintiffs sought damages for various claims, including alleged violations of Section 12(a)(2), Securities Act of 1933 ("Securities Act"), Liability of Controlling Persons under the Securities Act §15, violations of Section 10-5-12(9) of the Georgia Securities Act of 1973, a

{350211.0001/N0799217_1}

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

common law claim based upon respondeat superior, and a claim for common law negligent referral or recommendation pursuant to Section 552 Restatement (Second) Torts. (D.E. 1). Subsequently, on October 27, 2009, Plaintiffs SCHORRIG, URSULA KUZENKO ("KUZENKO") and JOLENE SULLIVAN ("SULLIVAN"), filed an Amended Class Action Complaint ("Amended Complaint") solely against the CREDIT UNION seeking damages for a solitary claim based upon common law negligence, dismissing the remaining claims against the CREDIT UNION and all claims against the Individual Defendants. (D.E. 21). In seeking to invoke this Court's subject matter jurisdiction, Plaintiffs allege that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2), the Class Action Fairness Act ("CAFA"). (Amended Complaint ¶15). However, Plaintiffs have failed to plead the requisite jurisdictional requirements under 28 U.S.C. §1332(d)(2), and as a result thereof, as a matter of law, the Amended Complaint must be dismissed, in its entirety.

## ARGUMENT

### I. STANDARD OF REVIEW OF A MOTION TO DISMISS

A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. §1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. §1332(a). *O'Dell v. Doychak*, 2006 WL 1804587, *2 (M.D. Fla. 2006). Pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissal for lack of subject matter jurisdiction is warranted when the court lacks statutory or constitutional authority to adjudicate a case. *Parker v. Astrue*, 2007 WL 4365650, *2 (M.D. Fla. 2007).

Subject matter jurisdiction can be challenged facially or factually. *Nalls v. Countrywide Home Services, LLC*, 2008 WL 2191779 (11th Cir.); *Lewis v. Seneff*, 2008 WL 3200273, *1 (M.D. Fla. 2008). Facial attacks require this Court to accept all factual allegations as true and

{350211.0001/N0799217_1}

2

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

determine whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Id.*; *Commodity Futures Trading Commission v. G7 Advisory Services, LPLC*, 406 F.Supp.2d 1289, 1292 (S.D. Fla. 2005) ("When courts review facial attacks on their subject matter jurisdiction, they must take the allegations of the complaint at face value and ascertain whether they adequately allege subject matter jurisdiction."). On the other hand, a factual attack challenges the 'the existence of subject matter jurisdiction in fact,' and requires this Court to examine materials outside the complaint, such as testimony and affidavits, to determine whether jurisdiction exists. *Barrueto v. Larios*, 291 F.Supp.2d 1360, 1364 (S.D. Fla. 2003). When a defendant factually attacks a court's subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Commodity Futures Trading Commission*, 406 F.Supp.2d at 1292 (*quoting, Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Thus, where a defendant factually attacks the existence of subject matter jurisdiction, the court may look beyond the complaint to determine whether such jurisdiction exists. *Id.* If a court determines that it lacks subject matter jurisdiction, the court must dismiss the case, regardless of how far the case has progressed. *Commodity Futures Trading Commission*, 406 F.Supp.2d at 1291; *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt of jurisdiction arises.").

As specifically set forth below, the allegations set forth in Plaintiffs' Amended Complaint, if taken as true, fail to allege any ultimate facts which sufficiently allege a basis for the Court to invoke subject matter jurisdiction under 28 U.S.C. §1332(d)(2), and as a result, the Amended Complaint must be dismissed, as a matter of law.

{350211.0001/N0799217_1}

3

**ADORNO & YOSS LLP**
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

A. **The Amended Complaint Must Be Dismissed as Plaintiffs Failed to Sufficiently Allege a Basis for this Court's Subject Matter Jurisdiction as Required Under 28 U.S.C. §1332(d)(2), the Class Action Fairness Act.**

The basis for federal subject matter jurisdiction pursuant to CAFA is premised upon three requirements. Specifically, federal district courts have original jurisdiction over class actions when:

1) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, after aggregating the claims of the proposed class members;

2) the class consists of at least 100 proposed members; and

3) any member of the class is a citizen of a State different from any defendant.

See 28 U.S.C. §1332(d)(2); *Miedema v. Maytag Corp.*, 450 F.3d 1332 (11th Cir. 2006); *Feheley v. LAI Games Sales, Inc.*, 2009 WL 2474061, * 6 (S.D. Fla. 2009); *Advantage Open MRI, Inc. v. State Farm Mutual Automobile Insur. Co.*, 2009 WL 2958659, *2 (M.D. Fla. 2009); *Lewis v. Seneff*, 2008 WL 3200273, *3 (M.D. Fla. 2008).

Plaintiffs seeking to pursue a class action in district court under CAFA must adequately allege the specific jurisdictional requirements to overcome a motion to dismiss based on lack of subject matter jurisdiction. *Miedema* at 450 F.3d 1328. (The party seeking to invoke federal court subject matter jurisdiction bears the burden of proof.) However, Plaintiffs herein have woefully failed to adequately allege, because they cannot, the jurisdictional requirements set forth in 28 U.S.C. §1332(d)(2) to provide this Court subject matter jurisdiction.

1. **Diversity Requirement**

In a class action filed pursuant to 28 U.S.C. §1332(d)(2), the plaintiffs must allege that at least one member of the class resides in a state different than that of defendant. 28 U.S.C. §1332(d)(2). Unlike class actions filed under 28 U.S.C. §1332(a) where plaintiffs and

{350211.0001/N0799217_1}

4

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

defendants must be completely diverse, 28 U.S.C. §1332(d)(2) allows plaintiffs to share citizenship with defendants as long as one member of the class is a citizen of a state different from any defendant. *Waldman v. Cingular Wireless, LLC*, 2007 WL 1970858, *2 (S.D. Fla. 2007).

In seeking to properly allege the diversity requirement pursuant to 28 U.S.C. §1332(d)(2), Plaintiffs allege that at all relevant times to this lawsuit, Plaintiffs and putative class representatives SCHORRIG and KUZENKO lived in Boca Raton, Florida and SULLIVAN lived in Pompano Beach, Florida. (Amended Complaint ¶¶ 1-3). Plaintiffs further allege that the CREDIT UNION "maintains its headquarters in Boca Raton, Florida."[1] (Amended Complaint ¶ 4). However, Plaintiffs have failed to allege, because they cannot, that diversity existed between Plaintiffs and the CREDIT UNION at the time that the alleged events occurred. Pursuant to the very allegations alleged by Plaintiffs, Plaintiffs lived in Florida and Defendant maintained its headquarters in Florida, which clearly fails to plead diversity. Therefore, based solely on Plaintiffs' failure to satisfy the diversity requirement, Plaintiffs' Amended Complaint must be dismissed.

2.  **Amount in Controversy Requirement**

Any party seeking to invoke federal jurisdiction under 28 U.S.C. §1332(d)(2) must also properly allege that the jurisdictional amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs, after aggregating the claims of the proposed class members. Plaintiffs, in seeking to invoke subject matter jurisdiction under 28 U.S.C. §1332(d)(2), have the

---

[1] For diversity purposes, a national bank's citizenship is determined by the location of its main office. *Wachovia Bank v. Schmidt*, 549 U.S. 303, 306-07 (2006); *Firstar Bank, N.A. Faul*, 253 F.3d 982, 985 (7th Cir. 2001); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y 2008); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F.Supp.2d 312, 314-316 (S.D.N.Y. 2006). The CREDIT UNION's main office is, in fact, located in Boca, Raton, Florida.

{350211.0001/N0799217_1}

5

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

burden of pleading that the amount in controversy exceeds the sum of $5,000,000.00. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

Without question, Plaintiffs fail to specifically allege that the sum of damages exceeds the jurisdictional amount of $5,000,000.00. In fact, Plaintiffs only allege that "[p]laintiffs in the Class suffered millions of dollars in damages." (Amended Complaint ¶ 38). Furthermore, Plaintiffs fail to allege the amount of damages Plaintiffs individually seek to recover, which precludes any determination as to whether the amount in controversy requirement is or can be satisfied by the Plaintiffs if allowed to proceed under 28 U.S.C. §1332(d)(2). Plaintiffs allege only the amounts of their alleged investments in Cornerstone Ministries bonds, totaling $218,873.45, which obviously does not exceed the minimum jurisdictional amount of $5,000,000.00 under CAFA. (*See* Amended Complaint ¶¶ 30(a-c)).

### 3. Numerosity Requirement

Pursuant to 28 U.S.C. §1332(d)(2), the class must consist of at least 100 proposed members. Once again, Plaintiffs fail to allege the number of proposed class members to determine whether the numerosity requirement is or can be satisfied by the Plaintiffs, if allowed to proceed under 28 U.S.C. §1332(d)(2). Plaintiffs simply allege, in a conclusory manner, that "Plaintiffs believe that the Class members number in the hundreds," which is insufficient to satisfy the numerosity requirement. (Amended Complaint ¶ 39(a)).

### CONCLUSION

Based on Plaintiffs' failure to properly plead the jurisdictional requirements under 28 U.S.C. §1332(d)(2), the Amended Complaint must be dismissed as this Court does not have subject matter jurisdiction to continue to preside over the matters set forth in the Amended Complaint.

{350211.0001/N0799217_1}

6

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

**WHEREFORE**, Defendant IBM SOUTHEAST EMPLOYEES' FEDERAL CREDIT UNION respectfully requests this Court grant Defendant's Motion to Dismiss Plaintiffs' Amended Class Action Complaint, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ADORNO & YOSS LLP**

s/Robin Corwin Campbell
Jan Douglas Atlas
Florida Bar No. 226246
jda@adorno.com
Robin Corwin Campbell
Florida Bar No. 327931
Rcampbell@adorno.com
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

*Attorneys for Defendant IBM Southeast Employees' Federal Credit Union*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December 10, 2009, we electronically filed the foregoing with the Clerk of Court using CM/ECF. We also certify that the foregoing document is being served this day either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robin Corwin Campbell
Robin Corwin Campbell

{350211.0001/N0799217_1}

7

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800