UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 09-80973-CIV-RYSKAMP

CLAUDIA SCHORRIG, URSULA KUZENKO,
and JOLENE SULLIVAN, on their own behalf
and on behalf of those similarly situated,

        Plaintiffs,

vs.

IBM SOUTHEAST EMPLOYEES'
FEDERAL CREDIT UNION,

        Defendant.
_____/

**DEFENDANT IBM SOUTHEAST EMPLOYEES'**
**FEDERAL CREDIT UNION'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant IBM SOUTHEAST EMPLOYEES' FEDERAL CREDIT UNION (the "Credit Union"), by its undersigned counsel, hereby files this Response in Opposition to Plaintiffs' Motion for Class Certification ("Class Certification Motion").[1] For the reasons set forth herein, as well as the depositions of CLAUDIA SCHORRIG ("Schorrig"), URSULA KUZENKO ("Kuzenko") and JOLENE SULLIVAN ("Sullivan") (together, "Plaintiffs") taken on July 7, 2010[2], the Credit Union respectfully submits that the Class Certification Motion should be denied.

---

[1] All citations to the Class Certification Motion shall herein after be referred to as Class Cert. Mot. at p. ___.

[2] References to the depositions of the Plaintiffs shall be referred to as Schorrig Depo. at p. ___; Sullivan Depo. at p. ___ and Kuzenko Depo. at p. ___. The transcripts are attached hereto as Exhibits "A," "B" and "C," respectively. The Credit Union has previously filed a Motion for Leave to File Deposition Transcripts of the Plaintiffs on July 8, 2010. (D.E. 57).

{350121.0094/N0833668_1}

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## BACKGROUND

The Credit Union is a federally chartered corporation, with branches in Florida, Georgia and Alabama (D.E. 38-1; Compl. at ¶ 4). The Credit Union is not a registered broker/dealer or member of the NASD/SIPC. Schorrig Depo., Exh. 4. The Credit Union and Wellstone Securities, LLC ("Wellstone") are independently owned and operated. Schorrig Depo., Exh. 4.

Wellstone was a securities broker-dealer and a member of the National Association of Securities Dealers ("NASD") and SIPC. Schorrig Depo., Exh. 4. Through its independent registered representatives, Wellstone offered various investment opportunities to its customers, including members of the Credit Union.

The Plaintiffs became customers of Wellstone between 2003 and 2005. Schorrig Depo. at p. 23, Exh. 4; Kuzenko Depo. at p. 23, Exh. 2 at Kuzenko 000016-17; Sullivan Depo. at p. 20, Exh. 2 at Sullivan 0079. The individual Plaintiffs each made purchases of Cornerstone Ministries, Inc. bonds ("CMI Bonds") through Wellstone in 2005, 2006 and 2007. Schorrig Depo. at p. 46, Exh. 2 at Schorrig 000056-58 and 000063; Kuzenko Depo. at pp. 22-26, Exh. 2 at Kuzenko 000002, 000010 and 000016-20; Sullivan Depo. at p. 24, Exh. 2.

Wellstone, an affiliate of Cornerstone Ministries, Inc., was a part of a Voluntary Petition for Relief under Chapter 11 that was filed on February 10, 2008, in the United States Bankruptcy Court for the Northern District of Georgia in the action entitled *In Re: Cornerstone Ministries*, Case No. 08-20355 ("Bankruptcy Action").[3]

---

[3] The Credit Union requests that this Court take judicial notice of the filings in the Bankruptcy Action pursuant to Federal Rule of Evidence 201. F.R.E. 201. *See also Kinnett Dairies, Inc. v. Farrow*, 580 F. 2d 1260 (5th Cir. 1978) (Trial court did not err in taking judicial notice of materials in court's own files from prior proceedings); *Retired Employees Ass'n of Orange County, Inc. v. County of Orange*, 632 F.Supp.2d 983 (C.D. Cal. 2009) (Court would take judicial notice of documents submitted by county in support of its motion for summary judgment, including county board of supervisors' resolution and bankruptcy court order confirming county's second plan of adjustment).

{350121.0094/N0833668_1}

2

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

On or about February 3, 2009, Plaintiffs filed a Class Action Complaint against the Credit Union and others, including numerous causes of action for State and Federal Securities Law violations. (D.E. 1). On January 15, 2010, Plaintiffs filed their Second Amended Class Action Complaint,[4] asserting only one cause of action grounded in negligence against the Credit Union, claiming that the Credit Union "failed to conduct adequate due diligence as to Wellstone ... before it provided Wellstone with unique access to Plaintiffs and all Class members" and failed "to disclosed that Wellstone was [allegedly] a bucket-shop rife with fraud, before it decided to endorse Wellstone and actually recommend that Plaintiffs and the Class to do business with Wellstone," allegedly causing Plaintiffs and the proposed Class members to lose millions of dollars. (D.E. 38-1; Compl. at pp. 1-2).

Plaintiffs' claim that the Credit Union endorsed Wellstone and recommended that Plaintiffs do business with Wellstone, causing Plaintiffs to lose millions of dollars. (D.E. 38-1; Compl. at pp. 1-2). Plaintiffs further allege that the Credit Union "h[e]ld out Wellstone to Credit Union members as a sound option for financial services," (D.E. 38-1; Compl. at ¶ 23) and "affirmatively promoted Wellstone as a safe and reliable option for financial services for Credit Union members." (D.E. 38-1; Compl. at ¶ 24).

On April 15, 2010, Plaintiffs filed their Class Certification Motion seeking to certify a class of Plaintiffs defined as:

> All Credit Union members who purchased Cornerstone Ministries bonds, through Wellstone Securities, LLC from July 30, 2004 through September 5, 2008.

(D.E. 44; Class Cert. Mot. at p. 1).

---

[4] References to the Second Amended Class Action Complaint shall be preceded by the designation "Compl. at ¶ ___."

{350121.0094/N0833668_1}

3

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## INTRODUCTION

Plaintiffs bear the burden of demonstrating – with facts and not mere allegations – that the requirements of Federal Rule of Civil Procedure 23 are satisfied. However, Plaintiffs' Class Certification Motion relies almost exclusively on the unsubstantiated allegations of their Complaint. Plaintiffs have served no discovery, nor have they taken any depositions, to establish the allegations of negligence in their Second Amended Complaint. Plaintiffs also primarily rely on the Report of the Examiner in the Bankruptcy Action. Contrary to well settled law, Plaintiffs want this Court to ignore Plaintiffs' obligation as to their burden of proof and to simply accept their allegations as true for purposes of ruling on their Class Certification Motion. Plaintiffs' request for certification should therefore be rejected. Moreover, when this Court examines the Class Certification Motion against the backdrop of the evidence adduced to date as described below, as well as the overwhelming weight of judicial authority, Plaintiffs' Class Certification Motion must be denied in all respects.

## ARGUMENT

A plaintiff who seeks class certification has the burden of proving the propriety of class action status. *See Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F. 3d 1228, 1233 (11th Cir. 2000) ("The initial burden of proof to establish the propriety of class certification rests with the advocate of the class.").

Rule 23(a) provides, in pertinent part:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so *numerous* that joinder of all members is impracticable;

(2) there are questions of law or fact *common* to the class;

{350121.0094/N0833668_1}

4

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

    **(3)** the claims or defenses of the representative parties are *typical* of the claims or defenses of the class; and

    **(4)** the representative parties will fairly and *adequately protect the interests* of the class.

Fed. R. Civ. P. 23 (emphasis added). In addition to satisfying the requirements of subsection (a) of Rule 23, Plaintiffs must also establish that the proposed class action meets one of the stringent requirements outlined in Rule 23(b). *In re Domestic Air Transp. Antitrust Litigation*, 137 F.R.D. 677, 697 (N.D. Ga. 1991). Here, Plaintiffs seek to maintain this action as a class action under Rule 23(b)(3), which requires the Plaintiff to establish:

> the *questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.* The matters pertinent to these findings include:
>
>     **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
>
>     **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
>     **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
>     **(D)** the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3) (emphasis added).

    Plaintiffs bear the burden of establishing *all* the requirements set forth in Rule 23 (numerosity, commonality, typicality, adequate representation by Plaintiffs and counsel and, in this case, predominance and superiority), and the trial court is required to apply a "rigorous analysis" to the request. *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 649 (S.D. Fla. 2010). To meet this burden, Plaintiffs must present facts, not just allegations, to establish these requirements. *See Brooks v. Southern Bell Tel. & Tel. Co.*, 133 F.R.D. 54,

{350121.0094/N0833668_1}

5

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Case 9:09-cv-80973-KLR   Document 58   Entered on FLSD Docket 07/09/2010   Page 6 of 20

CASE NO. 09-80973-CIV-RYSKAMP

56 (S.D. Fla. 1990) ("The Court cannot rely on conclusory allegations which parrot the provisions of Rule 23 to support certification. Instead, the Court must consider all of the facts and legal issues presented by the plaintiffs' claims.") (citations omitted). There must be a sound basis in fact, not supposition, that the requirements of Rule 23 have been satisfied. *See McCree v. Sam's Club*, 159 F.R.D. 572, 577 (M.D. Ala. 1995) ("Given that the Plaintiffs offer scant evidence and conclusory allegations in support of their Motion for Class Certification, the court finds that Plaintiffs would not survive the mandatory rigorous application of the other 23(a) requisites."). If Plaintiffs cannot meet the burden set forth in Rule 23, class certification must be denied. *See id.*

Here, Plaintiffs claim that the facts of this case meet the requirements of Rule 23. (Class Cert. Mot. at p. 6.) However, Plaintiffs have presented *no evidence* establishing that the requirements of Rule 23 have been satisfied. In fact, they have wholly ignored their burden. While Plaintiffs allege broad conclusions about the requisite elements of numerosity, commonality, typicality, and adequacy, they neither discuss the facts of their own personal claims, nor do they provide any evidence to support their broad conclusions.

Plaintiffs are not permitted to "frame the 'predominant' issues broadly to compensate for variations in the class members' claims." *Andrews v. Am. Tel. & Tel. Co.*, 95 F. 3d 1014, 1024 (11th Cir. 1996). Plaintiffs, likewise, are not entitled to shift the Rule 23 burden of proof to the Credit Union. *See Rutstein v. Avis Rent-A-Car Systems, Inc.*, 211 F. 3d 1228, 1233 (11th Cir. 2000) (it is the burden of the proponent of class certification to prove each and every element required by the rule governing class certification). Plaintiffs' failure to meet this burden requires that their Class Certification Motion be denied.

{350121.0094/N0833668_1}

6

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Further, any analysis of class certification must begin with the issue of standing. *Tri-State Crematory Litigation*, 215 F.R.D. 660, 676 (N.D. Georgia 2003) citing *Prado-Steiman v. Bush*, 221 F. 3d 1266, 1279 (11th Cir. 2000). As will be discussed herein, Kuzenko lacks standing and, therefore, is an inadequate class representative as she has irrevocably conveyed her claim to the trustee of the Private Actions Trust established in the Bankruptcy Action.

## A. THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(A) REMAIN UNSATISFIED.

### 1. Numerosity

In order to achieve class certification, a plaintiff must prove that the members of the class are so numerous that separate joinder of their claims would be impracticable. *Miles v. America Online, Inc.*, 202 F.R.D. 297, 302 (M.D. Fla. 2001). Whether separate joinder of a plaintiff's claims is "impracticable" depends on whether the names and number of members of the class will be unstable. *See Adderly v. Wainwright*, 46 F.R.D. 97, 98 (M.D. Fla. 1968) (finding separate joinder of claims was impracticable because the size of the class was unstable, as it was subject constantly to a fluctuation in size). Factors other than class size must also be considered by courts in determining whether a class meets the numerosity requirement. Such relevant factors include: 1) the proposed class size; 2) judicial economy arising from avoiding multiple actions; 3) the nature of the action; 4) ease of identifying members' names and addresses; 5) the geographic dispersion of members of the proposed class; 6) the financial resources of those members; 7) the size of each plaintiff's claim; 8) the ability of the members to file individual suits; and 9) requests for prospective relief that may have an effect on future class members. *See id.; see also Ansari v. New York Univ.*, 179 F.R.D. 112, 114-115 (S.D.N.Y. 1998); *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F. 2d 1030, 1038 (5th Cir. 1981).

{350121.0094/N0833668_1}

7

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

In a feeble attempt to satisfy their burden, Plaintiffs simply state that "the class is believed to 'number in the hundreds,'" and that "the numerosity requirement is readily satisfied here based solely on the number of Class members." (Class Cert. Mot. at pp. 8-9). Plaintiffs focus solely on the number of class members without providing any evidentiary support and otherwise fail to offer any evidence relating to the other factors which concern the practicability of joinder.

The names and addresses of each proposed class member are easily identifiable, yet Plaintiffs have made no attempt to identify the class prior to the filing of their Class Certification Motion. Therefore, the class cannot be deemed "unstable" to establish the impracticability of joinder, as the Credit Union members who have claims against Wellstone have already filed proofs of claim in the Bankruptcy Action and are identifiable. In that connection, the class members would certainly be able to file individual suits, as the damages they have allegedly sustained are not insignificant, nor nominal. For example, Schorrig seeks to recover $79,800.00 (Schorrig Depo. at p. 95); Kuzenko seeks to recover $100,679.00 (Kuzenko Depo. at p. 31); and Sullivan seeks to recover $58,873.45 (Sullivan Depo. at p. 40). Accordingly, Plaintiffs have not established by evidentiary support that the members of the class are so numerous that separate joinder of their claims is impractical. In fact, the evidence reveals the contrary. The proof of claims filed in the Bankruptcy Action demonstrate that the proposed class members have, on average, claims in excess of $50,000 each. See a true and correct copy of the Filed Claims and Unmatched Schedule Records in the Bankruptcy Action attached hereto as Exhibit "D." Indeed, the proposed class members have a significant financial stake in filing separate actions. Accordingly, Plaintiffs fail to meet the numerosity requirement, and their Class Certification Motion must be denied.

{350121.0094/N0833668_1}

8

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

### 2. Commonality

The commonality requirement of Rule 23(a)(2) must be satisfied in order for a plaintiff to achieve class certification. "To satisfy the commonality requirement, Plaintiffs must show the presence of questions of law or fact common to the entire class." *In re Tri-State Crematory Litigation*, 215 F.R.D. 660, 690 (N.D. Ga. 2003) (citing Fed. R. Civ. P. 23(a)(2)). "'[W]hile it is not necessary that every question of law or fact is common to every class member, commonality will not exist as long as there is a predominance of individual issues.'" *Id.* (citations omitted).

In the instant case, Plaintiffs have alleged that this "action is based upon common essential questions of law and fact that apply in exactly the same manner to each Class member, to wit, whether the Credit Union owed a duty to its members to discover and/or disclose to its members material, adverse information about Wellstone and Cornerstone Ministries, and whether the breach of that duty damaged members of the class." (Class Cert. Mot. at pp. 9-10). However, even where there is a common nucleus of facts with regard to the claims of the representative plaintiffs and the proposed class members, the need for individualized inquiries precludes class certification where, as here, the claims of each class member cannot be resolved via class-wide proof. *See O'Brien v. J.I. Kislak Mortg. Corp.*, 934 F. Supp. 1348, 1356 (S.D. Fla. 1996) (denial of class certification despite common issues, because liability with respect to each class member would require resolution of a handful of individualized fact questions).

The negligence claim Plaintiffs have brought against the Credit Union requires Plaintiffs to prove "causation" - *i.e.*, the existence of a causal connection between the Credit Union's alleged negligence and the alleged damage to Plaintiffs - in order to establish liability and entitlement to damages. Plaintiffs allege that the Credit Union promoted and recommended Wellstone, and that it held it out to be a sound option for financial services. Plaintiffs are

{350121.0094/N0833668_1}

9

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

CASE NO. 09-80973-CIV-RYSKAMP

alleging misrepresentations made by the Credit Union without alleging fraud (and which explicitly Plaintiffs disavow in their Second Amended Class Action Complaint), which clearly has a more stringent burden of proof. However, whether the Credit Union's alleged recommendations concerning Wellstone's suitability for financial services, actually caused Plaintiffs' damages will require a determination of each proposed class members' basis for purchasing CMI Bonds from Wellstone. If a proposed class member would have purchased CMI Bonds regardless of whether Wellstone had registered representatives within the Credit Union's branch locations, the Credit Union cannot be said to have caused the proposed class member's damages. Some class members may have purchased CMI Bonds because said bonds were used to fund the building of churches. Other class members may have purchased CMI Bonds because they were sophisticated investors who had conducted their own research on CMI and determined that purchasing CMI Bonds from Wellstone would be a good investment. Other class members may have purchased CMI Bonds from Wellstone based upon the recommendations of family members or friends. Whether such class members can prove causation will require an individual determination of this issue for each potential class member. Thus, each potential plaintiff would have to be questioned by means of interrogatories and/or the taking of depositions. Having to issue interrogatories or conduct depositions for all the proposed class members would be highly inefficient and would defeat the purpose of joining these parties as a class. Therefore, there is no commonality among the class members so as to require class certification of this cause.

The law is well settled that where there are unique individualized issues which require separate proof, class certification is not proper. *Klay v. Humana, Inc.*, 382 F. 3d 1241, 1255 (11th Cir. 2004). Here, individual, uncommon issues permeate the causation elements of Plaintiffs' claim (and therefore, liability and damages issues as well), and relate to Plaintiffs'

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE. FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

claim, as well as to the Credit Union's defenses. (D.E. 43). Plaintiffs' claims will thus require separate, <u>not</u> common, proof. Therefore, the requisite commonality is not present in this case, and there can be no class certification.

### 3. Typicality

Plaintiffs' negligence claim is not typical of the putative class they seek to represent. Plaintiffs claim the typicality requirement is satisfied in this case by merely alleging in their Motion that:

> Here, there is nothing of any substance to distinguish Plaintiffs' claims against the Credit Union from those of any other Credit Union member who was sold Cornerstone Ministries bonds by Wellstone. As such, Plaintiffs' claims arise out of the same course of conduct and are based upon the same legal theory as those of other Class members. These three named Plaintiffs and each member of the proposed Class were injured by the same negligent acts of the Credit Union. In short, all members of the Class…have exactly the same types of claims…By proving that the Credit Union failed to investigate and conduct due diligence as to Wellstone prior to inviting Wellstone on to its premises and recommending its services to its members, the named Plaintiffs prove the case of all absent Class members.

(Class Cert. Mot. at pp. 11-12).

Federal Rule of Civil Procedure 23(a)(3) requires that the class representatives' claims be "typical" of the claims of each member of the class. However, merely pointing to common issues of law is insufficient to meet the typicality requirement when the facts required to prove the claims are markedly different between class members. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F. 2d 1332, 1337 (11th Cir. 1984).

Plaintiffs' statement that their claims are typical of the claims of the class members is conclusory and erroneous. (Class Cert. Mot. at pp. 11-12). A thorough analysis of Plaintiffs' claim indicates that they are *not* typical of the other potential class members' claims because the facts and circumstances surrounding each claim are different. As previously stated, each

{350121.0094/N0833668_1}

11

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

proposed class member will need to prove causation, which will require an inquiry as to each class members' rationale in purchasing CMI Bonds from Wellstone. For example, if class members would have purchased CMI Bonds regardless of whether Credit Union referred to Wellstone in its flyers, mailers or pamphlets, or whether Wellstone had its independent registered representative located in the Credit Union's branches, the Credit Union could not have caused Plaintiffs' damages. Without such an individualized inquiry, class members will be unable to prove their alleged entitlement to relief, if any. These factual differences prevent the class representatives from satisfying the elements required to bring the claims alleged in this action on behalf of all putative class members.

For these reasons, each potential class members' claims are not typical of one another. Therefore, there is no "typicality" among the class, and the Class Certification Motion must be denied.

### 4. Adequacy

Federal Rule of Civil Procedure 23(a)(4) ("Rule 23(a)(4)"), referred to as the most important prerequisite to class certification,[5] places the burden upon Plaintiffs to demonstrate that they will adequately protect and represent the interests of *all* putative class members. To satisfy the rigors of Rule 23(a)(4), Plaintiffs must establish that: "(1) 'the interests of the class representative is not antagonistic to, or in conflict with, other members of the class' and (2) 'the representatives and their attorneys will competently and vigorously prosecute the suit.'" *Hill v. Butterworth*, 170 F.R.D. 509, 516 (N.D. Fla. 1997) (citations omitted).

---

[5] *See, e.g., Bennett v. Nucor Corp.*, 2005 WL 1773948, *4 (E.D. Ark. 2005) ("Adequacy of representation, required under Rule 23(a)(4), is perhaps the most important of all prerequisites to certification of a class action."); *Bishop v. Comm. on Prof'l Ethics and Conduct of the Iowa State Bar Association, et al.*, 686 F. 2d 1278, 1288 (8th Cir. 1982) ("'(t)he adequacy of the representation issue is now of critical importance in all class actions and the court is under an obligation to pay careful attention to the Rule 23(a)(4) prerequisite in every case.'") (citation omitted).

{350121.0094/N0833668_1}

12

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Plaintiffs must have the financial capability to bear the burden of notifying the class members of the class action, and other costs of lengthy, complex litigation. *In re: Nissan Motor Corp. Antitrust Litig.*, 552 F. 2d 1088, 1102 (5th Cir. 1977) ("Upon commencing a class action, the class representatives must be prepared to accept the concomitant responsibility of identifying absentee class members as well as paying the costs of their individual notice."); *Cheatwood v. Barry Univ., Inc.*, 2001 WL 1769914 *9 n.38 (Fla. DCA 2001) ("The fact that Plaintiffs' counsel may have promised to bear the costs of suit is irrelevant; '[i]t is not an adequate substitute for assurance that the plaintiff understands her potential obligation of bearing the costs of a class action and is prepared to underwrite those costs.'") (citations omitted).

Allowing counsel to fund a class action is bad policy because it allows the lawyers to proceed in their own interest, not their clients. This principle has been repeatedly recognized in case law and professional literature. *See In re Mid-Atlantic Toyota Antitrust Litig.*, 93 F.R.D. 485, 490 (D. Md. 1982) (In a class action, once the class has been certified the court should "prevent the attorney from acquiring a financial interest in the litigation which might interfere with his/her exercise of independent professional judgment, especially when it comes to deciding whether to settle the case. If the client is not financially responsible, the attorneys have free reign over the prosecution of the action. This is tantamount to the unacceptable situation of the attorney being a member of the class of litigants while serving as class counsel.") (citations omitted); *Rode v. Emery Air Freight Corp.*, 76 F.R.D. 229, 232-33 (W.D. Pa. 1977) ("At any point in time where the desires of the representative plaintiff differ from those of his counsel, the threat of fund revocation, whether express or implied, could serve to coerce the representative plaintiff into complying with his attorney's position."); Elliott J. Weiss and John S. Beckerman, Let the Money Do the Monitoring: *How Institutional Investors Can Reduce Agency Costs in*

{350121.0094/N0833668_1}

13

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

*Securities Class Actions*, 104 Yale L.J. 2053, 2065 (1995) ("The rules governing attorneys' professional conduct, which bar an attorney from allowing her own interests, financial or otherwise, to influence how she serves her client's interests, do not effectively constrain plaintiffs' attorneys in class actions. The conflicts of interest inherent in such actions lead some plaintiffs' attorneys — critics would say most — to give considerable weight to their interest in maximizing their fee income when deciding on what terms to settle class actions.") (footnotes omitted); Mary Kay Kane, Carrots and Sticks: *Evaluating the Role of the Class Action Lawyer*, 66 Tex. L. Rev. 385, 395-96 (1987) ("In a class suit, because of the absent members' attenuated relationship to the litigation, they may not know whether a compromise favors greater attorneys' fees and lesser benefits for them. Professor Wolfram has noted that 'most [class action] lawyers regard themselves as entrepreneurs and largely act accordingly;' their self-interest can be restrained only by client control. If he is correct, then nothing in the class setting prevents attorneys from following their 'natural inclinations,' compromising the absent members' interests in order to receive larger fees.") (footnotes omitted).

Having counsel fund the litigation also erodes the requirement that the parties, rather than their lawyers, are the real parties in interest in the litigation. It leads to professional lawyers/plaintiffs in class litigation, an undesirable result. *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 813 (N.D. Ohio 1999); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1156-57 (N.D. Cal. 1999).

Here, Plaintiffs have clearly demonstrated (by their deposition testimony) that they have succumbed to the pitfalls outlined above. As evidenced below, Plaintiffs have not indicated a willingness or ability to pay the cost of notifying the class members and other costs. Moreover, none of the Plaintiffs could produce a copy of the attorney-client engagement agreement, or even

know the terms of the engagement and with which law firm(s) they had even had such an agreement. Schorrig Depo. at pp. 75-77; Sullivan Depo. at pp. 47, 49-50; Kuzenko Depo. at pp. 14-15. Further, each of the Plaintiffs have testified that they had not advanced the expenses associated with this litigation, nor did they know how said expenses were to be reimbursed to counsel. Sullivan Depo. at p. 50; Kuzenko Depo. at pp. 15-16; Schorrig Depo. at pp. 77-78.

Furthermore, proposed class representative Kuzenko lacks standing and therefore, is an inadequate class representative. Kuzenko irrevocably assigned her claims to The Private Actions Trust established in the Bankruptcy Action.[6] Because Kuzenko assigned her claims to The Private Actions Trust, she is precluded from pursuing her individual claim against the Credit Union herein.[7] Accordingly, Kuzenko has no standing to assert an individual claim for negligence against the Credit Union, let alone serve as a class representative in the instant action.

Accordingly, Plaintiffs have failed to meet the adequacy requirement, the most crucial requirement for class certification, and therefore, Plaintiffs' Class Certification Motion must be denied.

### B.   THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(B) REMAIN UNSATISFIED.

To obtain class certification, a plaintiff must satisfy all of the requirements of Rule 23(a) *and* one of the requirements of Rule 23(b). Again, Plaintiffs in this case seek to obtain class certification by satisfying Rule 23(b)(3), which requires (1) that common questions of law or fact

---

[6] The Private Actions Trust "is a trust that [was] created to receive, hold, liquidate, and distribute Non-Estate Claims. Non-Estate Claims are claims a Creditor...holds...that arise from or relate to CMI. These Non-Estate Claims, include[ ], for example, (i) claims that may arise from a Creditor's purchase or sale of Bonds...." *See* Disclosure Statement Describing Plan of Liquidation Proposed by Cornerstone Ministries Investments Inc. and the Official Committee of Creditors Holding Unsecured Claims (the "Disclosure Statement") at p. 50, a true and correct copy of which is attached hereto as Exhibit "E." The Disclosure Statement states: "If you make a Private Actions Trust Election, you will not be able to pursue your Non-Estate Claims, even if the Private Actions Trustee determines not to pursue your Non-Estate Claim. *See* Disclosure Statement at p. 52.

[7] See p. 376 of the Ballot Tabulation Report in the Bankruptcy Action, a true and correct copy of which is attached hereto as Exhibit "F"

{350121.0094/N0833668_1}

15

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

predominate over any individual questions of the separate members; and (2) the class action must be superior to other available methods for a fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) is similar to the commonality requirement of Rule 23(a) in that they both require that common questions exist. However, the predominance requirement of Rule 23(b)(3) is more stringent since common questions must pervade. *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 649 (S.D. Fla. 2010).

1.  **Predominance**

Plaintiffs cannot satisfy the predominance requirement under Rule 23(b)(3):

> Pursuant to Rule 23(b)(3), questions of law or fact common to the members of the class must predominate over any questions affecting only individual members. Common questions of law or fact predominate if "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, [ ] predominate over those issues that are subject only to individualized proof." *Kerr v. City of West Palm Beach*, 875 F. 2d 1546, 1558 (11th Cir.1989) (citations omitted). "Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)." *580 *Klay v. Humana, Inc.*, 382 F. 3d 1241, 1255 (11th Cir.2004) (citations omitted). "Common issues will not predominate over individual questions if 'as a practical matter, the resolution of ... [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues." *Cooper*, 390 F. 3d at 722 (citations omitted). However, "it is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Klay*, 382 F. 3d at 1254 (citations omitted).

*Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 579-580 (M.D. Fla. 2006).

Citing *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87 (S.D.N.Y. 1981), Plaintiffs state that "Courts generally focus on the liability issue in deciding whether the predominance requirement is met, and if the liability issue is common to the class, common questions are held to predominate over individual questions." In this case, Plaintiffs assert one single cause of action for negligence against the Credit Union. In order to prove that the Credit

{350121.0094/N0833668_1}

16

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

Union is liable for its alleged negligence, Plaintiffs will first have to establish that the Credit Union owed a duty to the Plaintiffs and whether the Credit Union breached that duty. Most significant will be Plaintiffs' obligation to prove that the Credit Union's breach of duty caused Plaintiffs to suffer damages. Plaintiffs claim to have suffered damages from the collapse of CMI and their loss on the purchase amount and interest on the CMI Bonds that they purchased through Wellstone. The Credit Union submits that the Plaintiffs' damages are not a result of the Credit Union's actions, but rather, the result of other, unrelated causes. *See* Answer and Affirmative Defenses (D.E. 43). Accordingly, because the issue of liability is not common to the class, common questions do not predominate over individual questions, and the predominance requirement of Rule 23 cannot be satisfied. Negligence typically requires a substantial amount of individualized proof in order to demonstrate proximate causation and damages and is, therefore, thus not appropriate for class action status. *See City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630 (S.D. Fla. 2010).

In evaluating the requirement of predominance, this Court must determine "whether the individual questions in this case 'are so overwhelming as to destroy the utility of a class action.'" *City of St. Petersburg*, 265 F.R.D. at 652. The initial burden is upon the class proponent to tender some credible basis for claiming that the questions acceptable to generalized proof on a class-wide basis – the common questions – predominate over questions subject only to individualized proof. *Walsh v. Ford Motors Co.*, 807 F. 2d 1000, 1017-18 (D.D.C. 1986); *See Nichols v. Mobile Board of Realtors, Inc.*, 675 F. 2d 671, 676 (5th Cir. 1982).

Plaintiffs' claim that the issues of "whether the Credit Union was required to conduct due diligence regarding Wellstone before recommending it to Credit Union members, and whether its failure to conduct such due diligence breached its duties to its members," are common to all

{350121.0094/N0833668_1}

17

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

members of the class and clearly predominate. (Class Cert. Mot. at p. 14). However, because the element of causation is not susceptible to generalized proof on a class-wide basis, individual issues predominate, precluding class certification. Plaintiffs' negligence claim requires an individual determination as to whether Plaintiffs were damaged as a result of the Credit Union's alleged failure to conduct due diligence, or for some other reason. In order to prove "causation," individual determinations will have to be made with regard to whether each class member relied on the newsletters distributed by the Credit Union which allegedly "touted" Wellstone and "coaxed" members with recommendations, received recommendations from the Credit Union to invest with Wellstone, and/or was specifically referred to Wellstone by the Credit Union. In fact, Schorrig denies every reading the Credit Union "Breaking News" that were sent with the members' statements. Schorrig testified that she did not remember receiving marketing material in the mail from the Credit Union. Schorrig Depo. at pp. 26. Kuzenko testified that while she may have received "Breaking News" with her statements, she was "not really interested" in reading it. Kuzenko Depo. at pp. 35-37. Sullivan testified that while she may have read promotional material or marketing material that she may have received from the Credit Union, she did not pay close attention to it. Sullivan Depo. at p. 50.

Since each class member's individualized issues of causation and damages predominate over any common issues shared by the class as a whole, this case does not meet the requirements for class certification under Rule 23.

### 2. Superiority

Rule 23(b)(3) requires the Court to determine that class treatment is superior to other available methods for the fair and efficient adjudication of the claims. *See* Fed.R.Civ.P. 23(b)(3). Factors to be considered as part of this analysis include: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the

{350121.0094/N0833668_1}

18

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD.• SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of the class action. *Id.*

*Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 582 (M.D. Fla. 2006).

In support of their claim that class treatment is superior to all other methods of adjudicating this matter, Plaintiffs state that where "class members 'are in a poor position to seek legal redress, either because they do not know enough or because such redress is disproportionately expensive,' a class action is particularly important." (Class Cert. Mot. at p. 16). However, as previously stated, each Plaintiff has a sufficient financial interest in prosecuting their individual claims and thus, that class treatment is not the superior method of adjudication for this claim.

Furthermore, where the class is relatively small and geographically concentrated, and where the proof of liability and damages varies significantly among class members, the class action procedure is not superior to ordinary litigation. Plaintiffs concede that the class size is "relatively small," consisting of only a few hundred members (Class Cert. Motion at p. 16), and all potential class members are geographically concentrated in the Southeastern states of Florida, Georgia, and Alabama (D.E. 41; Compl. at ¶ 34).[8] Furthermore, as previously stated, the proof of liability and damages varies significantly among the class members due to the individualized facts that will determine whether they can prove the "causation" element of their negligence claim. The foregoing supports a finding that class treatment is not superior to other litigation methods available to class members. Here, the lack of predominance would turn this purported class action into a series of "mini-trials." Therefore, certification of a class is clearly not the superior method of resolving this dispute.

---

[8] The Credit Union does not concede that there are a "few hundred members." Based upon the filings in the Bankruptcy Action, the Credit Union believes that there are slightly more than 100 Credit Union members who did not convey their claims to the Private Actions Trust.

{350121.0094/N0833668_1}

19

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800

## CONCLUSION

The Federal Rules of Civil Procedure, as well as the case law interpreting same, clearly indicate that the Plaintiffs have failed to meet their burden for this Court to grant class certification. In addition, Plaintiffs' proposed class, as a whole, is not suited for class action certification. Accordingly, Plaintiffs' Class Certification Motion must be denied.

**ADORNO & YOSS LLP**

/s/ Robin Corwin Campbell
Robin Corwin Campbell
rcampbell@adorno.com
Florida Bar No.: 327931
Jan Douglas Atlas
jda@adorno.com
Florida Bar No.: 226426
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301-4217
Telephone:    (954) 763-1200
Facsimile:    (954) 766-7800

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2010, I electronically filed the foregoing document and this certificate with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.

/s/ Robin Corwin Campbell

{350121.0094/N0833668_1}

20

ADORNO & YOSS LLP
350 EAST LAS OLAS BLVD. • SUITE 1700 • FT. LAUDERDALE, FLORIDA 33301 • TELEPHONE 954-763-1200 • FAX 954-766-7800